UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-80975-Leibowitz/McCabe

THOMAS E. SAUNDERS and
KATHERINE SAUNDERS,

    Plaintiffs,
v.

AMERICAN HERITAGE
MOVING SOLUTIONS, LLC,

    Defendant.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Plaintiffs' Motion Referral of Montana Court Order (DE 4) and Plaintiffs' Motion of Writ on Attachment (DE 6), which were referred to the undersigned by United States District Judge David S. Leibowitz (DE 8).[1] For the reasons set forth below, the Court **RECOMMENDS** that the motions be **GRANTED** to the extent that a writ of execution should be issued.

### I.  BACKGROUND

This case concerns post-judgment proceedings related to an underlying case brought by Plaintiffs against Defendant in the United States District Court for the of District of Montana, *Saunders v. American Heritage Moving Solutions LLC et al*, 23-cv-00008-DLC. On April 1, 2024, Plaintiffs obtained a final judgment against Defendant in the amount of $7,403.64 (hereinafter the

---

[1] Because these motions arose post-trial and concern post-trial activity, the Court regards this referral to fall within the scope of 28 U.S.C. § 636(b)(3). *See State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, No. 97-7014-CV, 2005 WL 8165478, * 2 (S.D. Fla. Aug. 12, 2005) (recognizing that post-trial motions can be referred under § 636(b)(3)). The Court therefore resolves these motions by way of Report and Recommendation.

"Montana Judgment").  (DE 1-1).

On August 12, 2024, Plaintiffs registered the Montana Judgment in the Southern District of Florida pursuant to 28 U.S.C. § 1963.  (DE 1, DE 4 at 2).  On the same day, Plaintiffs filed the instant motions requesting that the Court direct the Clerk of Court to issue various writs included in the motions.  (DE 4 at 2, DE 6).  Although Defendant received service of the motions on January 8, 2025, Defendant has not filed a response and the time to do so has passed.  (DE 17, DE 18).  Accordingly, the Court treats the motions as unopposed.  *See* S.D. Fla. L.R. 7.1(c).

## II.  **DISCUSSION**

Pursuant to 28 U.S.C. § 1963, "[a] judgment in an action for the recovery of money or property entered in any ... district court ... may be registered by filing a certified copy of the judgment in any other district ... when the judgment has become final by appeal or expiration of the time for appeal...."  Once registered, an out-of-district judgment has "the same effect as a judgment of the district court of the district where registered and may be enforced in like manner…."  Here, the Court finds that Plaintiffs have properly registered the Montana Judgment in this district, such that it now carries the same force and effect as a judgment originally issued in this district.

Pursuant to Fed. R. Civ. P. 69(a)(1), a money judgment can be enforced by a writ of execution in accordance with "the procedure of the state where the court is located…."  Given the geographic location of this district, Florida law governs.  Under Florida law, a judgment creditor may request the Clerk of Court to issue a writ of execution to satisfy a judgment.  Fla. Stat. § 56.021.  If the judgment targets a corporate debtor, judgment may be "levied on the current money as well as on the goods and chattels, lands and tenements of the corporate judgment debtor."  Fla. Stat. § 56.09.

The Court finds that Plaintiffs hold a valid money judgment against Defendant, properly registered in this district, which entitles Plaintiffs to a writ of execution.  However, the proposed writs included in the motions (DE 6) do not follow the proper format used in this district (DC 11 (Rev. 11/2002) Writ of Execution).  If Plaintiffs had submitted the proper form, the Clerk of Court would have issued the writ without further order pursuant to the Clerk's internal operating procedures.  As a result, the Court recommends that the District Judge direct the Clerk of Court to issue a writ of execution as set forth below in section III.  *See Denmore v. Klone Enterprises*, No. 16-61647-CIV, 2020 WL 9458730, at *2 (S.D. Fla. Aug. 14, 2020), *R. & R. adopted*, 2020 WL 9458643 (S.D. Fla. Sept. 3, 2020) (accepting a pro se plaintiff's letter as a motion for writ of execution and instructing clerk to issue writ).  Moreover, given that Plaintiffs are proceeding in forma pauperis in this case, the United States Marshals Service shall serve the writ of execution. (DE 12).  *See* 28 U.S.C. § 1915(c); Fed. R. Civ. P. 4.1(a).

Finally, the Court notes that Plaintiffs are currently receiving notification of filings in this case via mail.  If Plaintiffs would rather receive electronic notification of filings in this case, Plaintiffs may complete and file with the Court the "Consent by Pro Se Litigant (Non-Prisoner) to receive NEFs" form, which can be found at https://www.flsd.uscourts.gov/forms/all-forms.

**III.**     **RECOMMENDATION & NOTICE OF RIGHT TO OBJECT**

For all of the above reasons, the Court **RECOMMENDS** as follows:

1.     As to Plaintiffs' Motion Referral of Montana Court Order (DE 4) and Plaintiffs' Motion of Writ on Attachment (DE 6), the Court **RECOMMENDS** that the motions be **GRANTED** to the extent that the Clerk of Court should issue a writ of execution, using standard form DC 11 (revised 11/2002), to be served by the United States Marshals Service as follows:

> Writ of Execution against Defendant American Heritage Moving Solutions, LLC for the sum of $7,403.64.

2. The Clerk **SHALL FILE** a Notice of Compliance on the docket that a copy of this order was mailed to the following addresses:

Thomas E. Saunders and Katherine Saunders
61 Talsma Rd.
Libby, MT 59923

American Heritage Moving Solutions, LLC
1870 Forest Hill Blvd, Ste. 204
West Palm Beach, FL 33406

American Heritage Moving Solutions, LLC
7901 4th St. N, Ste. 300
St. Petersburg, FL 33702

3. The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 27th day of February 2025.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE